Floyd C. WARMANN and Jeanette Rand Michell, Appellants,

v.

Morris K. EBELING, George P. Meier and David R. Mars, Respondents.

No. 47496.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 20, 1984.

Rehearing Denied April 27, 1984.

Alan G. Kimbrell, St. Louis, for appellants.

Lamar E. Ottsen, Kenneth V. Byrne, St. Louis, for respondents.

CRIST, Presiding Judge.

Plaintiffs Warmann and Mitchell brought an action against defendants Ebeling, Meier, and Mars alleging fraud in the sale of grain elevators. The trial court granted defendants Meier's and Mars' motion for summary judgment on February 18, 1981. On December 1, 1981, this court dismissed plaintiffs' appeal for lack of a final judgment disposing of their claims against defendant Ebeling. See *Warmann v. Ebeling*, 625 S.W.2d 691 (Mo.App.1981). We again dismiss plaintiffs' appeal for lack of a final judgment.

On July 7, 1983, plaintiffs filed in the circuit court a notice of appeal purporting to be from a judgment entered by that court on July 6, 1983. No judgment of that date is attached to the notice of appeal. Plaintiffs' jurisdictional statement recites "[p]laintiffs have now dismissed with prejudice their claims against Morris K. Ebeling, rendering the trial court's decision sustaining Meier's and Mar's Motions for Summary Judgment a final judgment." On July 26, 1983, plaintiffs filed in this court an uncertified copy of the February 18, 1981, summary judgment order and a copy of a July 5, 1983, memorandum to the circuit court voluntarily dismissing with prejudice their causes of action against defendant Ebeling. The copy of dismissal does not indicate it was filed with the circuit court.

Plaintiffs then transferred the legal file and briefs from their first appeal to this one. Defendants likewise transferred their briefs to this appeal. Neither side has supplemented the original legal file or briefs.

On November 2, 1983, this court directed a letter to all attorneys of record questioning the existence of a final, appealable order fitting the requirements established in *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886 (Mo. banc 1977). No response was made. The present record on appeal does not show what actions, if any, the trial court has taken since the dismissal of the first appeal. *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d at 889–90 mandates a second dismissal of this appeal.

In *Bolin,* decedent's heirs brought an action against her life insurer and the named beneficiary. The trial court entered summary judgment in favor of insurer. Four days later the trial court sustained the beneficiary's motion to dismiss as to her. Plaintiffs attempted to appeal from the order granting insurer summary judgment. The Supreme Court held the summary judgment was interlocutory and not appealable because the trial court made no order and entered no judgment following beneficiary's dismissal to convert the interlocutory order to a final judgment.

As in *Bolin,* the February 18, 1981 summary judgment was an interlocutory order. The record shows no action taken by the trial court to transform the interlocutory order into a final judgment. Plaintiffs' dismissal with prejudice of their actions against defendant Ebeling does not have the effect of changing an interlocutory order to a final judgment absent further action taken by the trial court.

Appeal dismissed.

PUDLOWSKI and STEWART, JJ., concur.