Hope MAGEE, Appellant,

v.

**BLUE RIDGE PROFESSIONAL BUILDING CO., INC., Lawrence D. Mock, Henry and Jacqueline Houser, d/b/a Westwood Ornamental Iron Company, Respondents.**

No. 73282.

Supreme Court of Missouri, En Banc.

Dec. 17, 1991.

William H. Pickett and David T. Greis, Kansas City, for appellant.

Paul D. Cowing, Amy L. Peck, and Therese M. Schuele, Kansas City, for respondents.

HOLSTEIN, Judge.

The trial court dismissed Count II of plaintiff Hope Magee's petition in which she alleged that defendant, Lawrence D. Mock, negligently designed and constructed a stairway. She claims to have fallen and sustained injury on the stairway due to the negligent design and construction. The dismissal was based on § 516.097.[1] Among other arguments, plaintiff attacks the constitutionality of that statute. This Court has jurisdiction of the appeal. *Mo. Const. art. V, § 3.* Affirmed.

The Blue Ridge Professional Building was constructed in 1964 and 1965. Included in the construction was a stairway. At the time, Mock owned shares and was an officer of the corporation that constructed the building. Mock sold all interest in the corporation in 1968.

On January 28, 1985, plaintiff allegedly fell on the stairway in the building, sustaining injury. She filed suit March 13, 1987, naming only the Blue Ridge Professional Building Company as defendant. Thereafter, on April 21, 1989, an amended petition was filed. In it, Mock, Henry Houser and Jacqueline Houser were named as additional defendants. The amended petition alleged that the steps deviated from accepted standards for height of riser and width of tread, and that the steps were not finished or coated with anti-skid materials. The petition alleged that Mock was "primarily responsible for the design and construction" of the building and the stairs.

Mock filed an answer and a motion to dismiss on June 16, 1989. Thereafter, on August 3, 1989, Mock filed an amended answer and an amended motion to dismiss, titled "Amended Suggestions in Support of Motion to Dismiss." These pleadings alleged that plaintiff's claim was barred by the statute of limitations found in § 516.097. On August 18, 1989, a hearing was held on the amended motion to dismiss. Plaintiff argued that § 516.097 violated the open courts provision of the Missouri Constitution and the due process and equal protection provisions of the state and federal constitutions. These claims were articulated primarily in the oral argument of the motion to dismiss before the trial court. On August 28, 1989, the trial court, without stating the basis for its decision, granted Mock's motion to dismiss.

On May 21, 1990, plaintiff voluntarily dismissed her claims against all remaining defendants without prejudice. She then appealed from the trial court's dismissal of her claim against Mock. The appeal was initially lodged in the Missouri Court of Appeals, Western District. Due to the constitutional attack on § 516.097, the cause was transferred to this Court.

---

1. All references to statutes will be to RSMo. 1986 unless otherwise noted.

## I.

At the outset plaintiff recognizes the questionable appealability of the order of dismissal. The leading case on the question of whether an appeal lies based on the record presented in this case is *Bolin v. Farmers Alliance Mutual Ins. Co.*, 549 S.W.2d 886 (Mo. banc 1977). In that case the plaintiff had sued two defendants. A summary judgment in favor of one defendant was entered on March 21, 1975. A separate order dismissing the claim against the second defendant, without prejudice, was entered on March 25, 1975. Plaintiffs sought to appeal the summary judgment of March 21, 1975. The Court noted that with some exceptions, an aggrieved party may appeal "from any final judgment in the case." *Bolin*, 549 S.W.2d at 889, quoting § 512.020. The Court stated that a judgment is final if it disposes of all parties and all issues, but that the March 25, 1975, order did not dispose of all parties and all issues. The only method to determine that no issues or parties remained required looking at both the March 21 and March 25 orders. The Court concluded that an appellate court should not be required to search the record to determine if various orders entered at different times amounted collectively to a final judgment and thus, no final judgment had been entered in that case. *Bolin*, 549 S.W.2d at 891.

The problem with *Bolin* is that any reasonable reading of the facts in that case leads to the inescapable conclusion that the summary judgment, coupled with the dismissal without prejudice, concluded the case, leaving nothing for the trial court to decide. The sole basis for denial of appellate jurisdiction was the inconvenience of having to look at more than one document to determine if the judgment was final.

Judicial inconvenience is not the proper measure for determining if appellate jurisdiction exists. Inconvenience to judges must give way to the just, speedy and inexpensive disposition of cases on their merits. *See Brown Shoe Co. v. United*

*States*, 370 U.S. 294, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510 (1962). The rule, well founded in reason and law, is that a judgment is final that disposes of all issues as to all parties, leaving nothing for future determination. *Pizzo v. Pizzo*, 365 Mo. 1224, 295 S.W.2d 377, 379 (Mo. banc 1956); *State ex rel. Thompson v. Terte*, 357 Mo. 229, 207 S.W.2d 487, 489 (Mo. banc 1947); *Quiktrip Corp. v. City of St. Louis*, 801 S.W.2d 706, 711 (Mo.App.1990). In this case, when plaintiff dismissed her action as to the remaining defendants, the order of dismissal for failure to state a cause of action against Mock became a final judgment. To the extent that *Bolin* is in conflict, it is overruled.[2]

## II.

Plaintiff's brief on appeal raises a number of issues regarding the construction and constitutionality of § 516.097. In each of the points addressing these issues, plaintiff asserts that the trial court erred in granting "summary judgment." The record does not reflect any summary judgment. The record only reflects a dismissal of plaintiff's petition. The difference between summary judgment and dismissal of the claim is significant because the standard of appellate review is different. When reviewing the grant of a motion to dismiss a petition, all facts alleged in the petition are deemed true and the plaintiff is given the benefit of every reasonable intendment. *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985). When reviewing a summary judgment, the appellate court looks not just to the petition but to all the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits to determine if there is any material fact issue and that the moving party was entitled to judgment as a matter of law. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 243–44 (Mo. banc 1984); *Rule 74.04(c)*.

---

**2.** *Bolin* has been relied on in a number of cases similar to this case. Those cases include *Shurtz v. Jost*, 674 S.W.2d 244 (Mo.App.1984); *Warmann v. Ebeling*, 669 S.W.2d 577 (Mo.App.1984);

and *Eschelbach v. General Motors Corp.*, 661 S.W.2d 821 (Mo.App.1983). To the extent those cases rely on *Bolin*, they also are overruled.

In this case the plaintiff's amended petition asserted an injury in 1985 due to negligent design and construction. The petition is silent as to the date of design and construction. Generally, a statute of limitations is an affirmative defense. *Rule 55.08.* Nevertheless, plaintiff admits facts establishing that defense. Here the defendant alleged in the trial court that the building was complete in 1965 and the claim was barred by § 516.097. Plaintiff's response was to file suggestions which included portions of Mock's deposition establishing that the construction occurred in 1964 and 1965. Plaintiff's brief also admits, in the fact statement, that the Blue Ridge Professional Building was constructed in 1964 and 1965. The brief further states that Mock disposed of all interest relating to the building in 1968. Where the plaintiff's brief on appeal admits facts omitted from the petition that if true will defeat plaintiff's cause of action, the appellate court will treat the petition as amended to include the omitted facts in determining if plaintiff stated a cause of action. *Nastasio v. Cinnamon,* 295 S.W.2d 117, 119 (Mo. 1956). The purpose of this rule is to avoid the useless and time consuming remand of the case when the plaintiff agrees the omitted facts are true and those facts are dispositive of the case. *Id.* The points relied on will be treated as claiming the trial court erred in sustaining the motion to dismiss as to Mock.

Plaintiff's brief argues that even if § 516.097 is constitutional, the claim against Mock is not barred. First, plaintiff argues that the statute applies only to those persons whose "sole connection with the improvement is performing or furnishing ... the design, planning or construction, including architectural, engineering or construction services ..." *§ 516.097.2.* Plaintiff claims that since Mock was an owner of the building in addition to his status as designer-contractor, then his connection to the building was not solely as architect, engineer or builder, and the statute is inapplicable to him.

The petition does not allege that Mock was the owner of the building or that he had some other possessory interest giving rise to a duty toward plaintiff at the time of her injury. The only allegation in the petition is that Mock designed and constructed the stairway. Documents filed with the plaintiff's suggestions in opposition to Mock's amended motion to dismiss disclose that Mock was a former officer and shareholder of the corporation that built and now owns the building. In an application for a building permit dated September 15, 1964, Mock's name appears in the block next to the word "owner." However, Mock terminated all association with the building and the corporation in 1968.

Even assuming that the plaintiff's petition has been amended to include these allegations, Mock is not shown to have any connection to the allegedly unsafe condition of the stairway that would give rise to liability separate from his connection as designer and builder. The purpose of § 516.097 is to protect those providing architectural, engineering and construction services from indeterminate liability. *See Lamb v. Wedgewood South Corp.,* 302 S.E.2d 868, 873 (N.C.1983). As with other statutes of limitation, this statute protects those within its ambit "from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). The primary role of courts in construing the statutes is to ascertain the intent of the legislature from the language used and, if possible, give effect to that intent. *Abrams v. Ohio Pacific Express,* 819 S.W.2d 338, 340 (Mo. banc 1991). Section 516.097.1 limits the time for bringing actions for personal injury "arising out of a defective or unsafe condition of any improvement to real property." Section 516.-097.2 refers to "the improvement" described in the preceding subsection. Thus, in the context of § 516.097.2, "sole connection with the improvement" means a connection to a defective or unsafe condition of an improvement on real estate giving rise to liability. To construe the words as

suggested by plaintiff would mean any connection with the building, however distant and unrelated to the unsafe condition of the improvement or potential liability, would defeat the protective intent of the statute. Under plaintiff's interpretation, a designer, planner or builder who is also a former tenant, shareholder, employee or client of the owner, would be excluded from the protection of § 516.097. That would defeat the statutory purpose and lead to an absurd and unreasonable result. Such results are not favored. *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 495 (Mo. banc 1984). This Court concludes that plaintiff's pleadings are insufficient to show any connection of defendant with the unsafe or defective condition of the building other than as a designer and builder of the stairs.

Plaintiff's second argument is that the statute is not applicable because Blue Ridge Professional Building is not "complete." This argument is premised on the statement in plaintiff's brief on appeal that the stairs in the building did not comply with the building codes on the date that construction ceased and, as a result, the lack of compliance rendered the construction incomplete. The applicable building codes do not appear in the record below and are not referred to in any of the pleadings. Portions of the depositions attached to the suggestions in opposition to the motion to dismiss indicate that construction on the building ceased in 1965. There is no evidence or allegation that any improvements were made subsequently. At the time of plaintiff's accident, the building was occupied as a dental office. Clearly, the building was complete upon the termination of construction and its occupancy. Plaintiff's second argument is without merit.

■ Plaintiff's third argument is that the subtle variations in the height and width of the individual steps amounted to concealed defects. The statute does not apply if a person conceals the defect in design, planning or construction. *§ 516.-097.4(2)*. The flaw in the plaintiff's argument is that it equates a concealed defect

to a latent defect. The use of the word "conceals" in the statute indicates an affirmative act, something actually done directly intended to prevent discovery or to thwart investigation. *See Siler v. Kessinger*, 149 S.W.2d 890, 893 (Mo.App.1941). The pleadings and record are silent regarding any concealment of the width and height of the steps. Plaintiff's brief admits the steps are clearly visible. The complex rationale by which plaintiff concludes that visible steps are concealed is unpersuasive. Plaintiff's third claim that the statute is not applicable is denied.

III.

An issue also arises as to whether the plaintiff has preserved the constitutional challenges to § 516.097. The challenges made here are that the statute violates the open courts provision of article I, § 14 of the Missouri Constitution, and the Fourteenth Amendment due process and equal protection clauses of the United States Constitution, as well as their counterparts in article I, §§ 2 and 10 of the Constitution of Missouri.

■ Ordinarily, a constitutional question must be raised at the first opportunity by specifically designating the provision claimed to be violated, identifying facts showing such violation, and the question must be preserved at each stage of review. *Kelch v. Kelch*, 450 S.W.2d 202, 206 (Mo. 1970). The reason for this requirement is to prevent surprise to the opposing party and to permit the trial court an opportunity to fairly identify and rule on the issues. *Land Clearance for Redevelopment Authority of Kansas City v. Kansas University Endowment Assn.*, 805 S.W.2d 173, 175 (Mo. banc 1991).

In this case Mock raised the bar of § 516.097 in an amended motion to dismiss and an amended answer filed August 3, 1989. A hearing was held on August 18, 1989. On that day plaintiff filed suggestions in opposition to Mock's amended motion to dismiss, stating that the statute would deny her "her day in court." Counsel for plaintiff specifically made reference to article I, § 14 of the Missouri Constitu-

tion in oral argument during the hearing on Mock's motion to dismiss. In addition, the defendant argued that § 516.097 violated her equal protection and due process rights "in that [the statute] protects one class of professionals, architects and designers, from torts after a certain time period, whereas other professionals don't have that protection, and it divides victims into two classes, those that were injured by architects and design defects and those that were not." While the trial court did not state the basis for sustaining the motion to dismiss, it is clear that the ruling was based upon § 516.097. Given the record in this case, it is clear that the trial court considered plaintiff's arguments concerning the constitutionality of the statute and rejected those arguments. The constitutional questions are preserved.

## IV.

Plaintiff's constitutional challenges to the statute are all premised on the theory that § 516.097 denies her access to court because it cuts off her cause of action before it accrues. As a result, the statute treats her differently than other classes of plaintiffs and defendant differently than other classes of defendants.

■ Construction terminated in 1965. Occupancy began thereafter. As previously stated, that constituted the completion of the building. "The statute of limitation for buildings completed on August 13, 1976, shall begin to run on August 13, 1976, and shall be for the time period specified herein." *§ 516.097.5.* Plaintiff's injury is alleged to have occurred on January 28, 1985. The ten year period for bringing actions under the statute terminated on August 13, 1986, eighteen months after plaintiff's cause of action arose. Her suit was filed March 13, 1987, and Mock was not joined as defendant until April of 1989. In this case plaintiff could have brought her cause of action before the statute expired. As applied in this case, § 516.097

was both a statute of limitation and a statute of repose.[3]

■ There is no question that the legislature has the authority to enact statutes of limitation, and inherent in that power is the power to fix the date on which the statute begins to run. *Laughlin v. Forgrave,* 432 S.W.2d 308, 314 (Mo. banc 1968). Statutes of limitation will not be held to violate due process unless the time allowed for commencement of the action and date fixed when the statute begins to run are clearly and plainly unreasonable. *Ross v. Kansas City General Hospital & Medical Center,* 608 S.W.2d 397, 400 (Mo. banc 1980). "Statutes of limitation ... represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified time and that the 'right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubrick,* 100 S.Ct. at 356–57 (quoting *Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). The facts of this case illustrate the propriety and reasonableness of statutes of limitation. Plaintiff, by her suit against Mock, seeks to impose liability on a person who admittedly has not been associated with either the defendant corporation or the building itself since 1968. It is not just or equitable to expect Mock to be liable *ad infinitum* for his participation in the design and construction of the building. To use the above quoted language, Mock has "the right to be free of stale claims." Plaintiff had an opportunity to assert a timely claim against Mock. Plaintiff has failed to demonstrate that as a statute of limitation, § 516.097 is plainly and clearly unreasonable as applied in her case.

To the extent that plaintiff's claim asserts that her constitutional rights have been denied because § 516.097 is a statute of repose, those issues are resolved by this

---

**3.** A statute of limitation precludes suit after the passage of a legislatively imposed number of years following the accrual of a cause of action, while a statute of repose bars suit for a specified number of years after the occurrence of a particular event without regard to the date of the accrual of a cause of action. *Sun Valley Water Beds of Utah, Inc. v. Herm Hughes & Son, Inc.,* 782 P.2d 188, 189 (Utah 1989).

Court's ruling in *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822 (Mo. banc 1991), also decided this date. For the reasons stated in that opinion, plaintiff's constitutional claims are denied.

The dismissal of plaintiff's claim against Mock is affirmed.

ROBERTSON, C.J., and RENDLEN, COVINGTON, BENTON and THOMAS, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

BLACKMAR, Judge, concurring.

I wholly concur in Judge Holstein's opinion and write additionally only to suggest that attorneys who find themselves in the procedural situation described in Part 1 of the opinion may foreclose all questions of appealability by presenting a form of order to the trial court stating that the case has been disposed of as to all parties and all claims. The appellant could have done this at the time the remaining claims were voluntarily dismissed, or the defendant could have sought the order to assure the client that the case was at an end. The order does not necessarily have to state that the judgment is final for purposes of appeal. That is the consequence of an order which disposes of all remaining parties and claims.

Although it would be desirable to have an order of this kind in the record, the consequences of requiring such an order as a condition of finality and appealability are unacceptable. In the present case, if the order dismissing the case as to the respondent did not become appealable immediately when plaintiff voluntarily dismissed the remaining defendants the case might pend for years without a final judgment. If the judgment is not final, the time for appeal does not run. Thus cases long considered dead might be resurrected.

If all remaining parties and issues are disposed by action of the court, the judgment, whether prepared by the court or counsel, could contain an appropriate recital. But counsel cannot depend on the court and its attaches to reflect the state of the record, especially with regard to the dismissal of parties, which may be effected simply by the filing of papers and need not be brought to the judge's attention. *See State ex rel. Fisher v. McKenzie*, 754 S.W.2d 557 (Mo. banc 1988).

I agree that *Bolin v. Farmers Alliance Mutual Insurance Company*, 549 S.W.2d 886 (Mo. banc 1977), must be overruled.