Ted R. WILSON, et ux., Appellants,

v.

UNISTRUT SERVICE COMPANY OF ST. LOUIS, INC., Respondent.

No. WD 46925.

Missouri Court of Appeals, Western District.

June 1, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1993.

Ronald R. Holliger, Kansas City, for appellants.

David Roy Buchanan, Kansas City, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

FENNER, Presiding Judge.

Appellant, Ted Wilson, appeals from an order of the trial court granting the motion for summary judgment of respondent, Unistrut Service Company of St. Louis, Inc. (Unistrut).

This action arises from an underlying construction project involving the A.G. Edwards building in St. Louis, Missouri (The Edwards Project). Unistrut had contracted to furnish and install skylights and a glass wall for the Edwards Project. Unistrut subcontracted its obligation in regard to the skylights and glass wall on the Edwards Project to Skylight Industries, Inc. (Skylight). Appellant, Ted Wilson, was the president of Skylight.

Skylight became financially unable to perform on its contract and Unistrut agreed to perform Skylight's obligations. Unistrut entered into a personal consulting agreement with Wilson whereby Wilson would supervise shop fabrication and field installation of the skylights. Unistrut also hired some of Skylight's laborers to perform the work.

On September 26, 1988, Wilson was present at Unistrut's warehouse in St. Louis where the skylights were to be constructed. Wilson was inspecting glass to be used on the Edwards Project. When Unistrut employees attempted to open a crate containing glass panels, the panels fell from the crate and injured Wilson.

Wilson brought suit on negligence and strict liability theories against Unistrut and the distributor of the glass, Hard–Temp/Thermoglas (Hard–Temp). Hard–Temp then filed a third party action against PPG Industries, Inc. (PPG) and Wilson amended his petition to assert negligence and strict liability claims against PPG, as well.

In defense to Wilson's action, Unistrut asserted that Wilson was its statutory employee under section 287.040.1, RSMo 1986[1], of the Workers' Compensation Act. Unistrut filed a motion for summary judgment on that issue arguing that Wilson's claim was subject to the exclusive jurisdiction of the Worker's Compensation Act. Unistrut's motion was granted by the trial court. After summary judgment was granted in favor of Unistrut, Wilson voluntarily dismissed, without prejudice, his remaining claims against Hard–Temp and PPG. Thereafter, Wilson filed another action alleging negligence and strict liability against Hard–Temp and PPG only.

A motion to dismiss for lack of subject matter jurisdiction is the proper remedy for a determination of whether a plaintiff's exclusive remedy is under Worker's Compensation. *Shaver v. First Union Realty Management, Inc.*, 713 S.W.2d 297, 299 (Mo.App.1986). However, a motion for summary judgment based on exclusivity under Worker's Compensation may be treated as a motion to dismiss for lack of subject matter jurisdiction. *Id.* We consider Unistrut's motion for summary judgment as a motion to dismiss.

On appeal, Wilson argues that the trial court erred in dismissing his claim against Unistrut. Wilson argues that he was not a statutory employee under section 287.040.1 because he was not working in Unistrut's usual business when injured. Unistrut seeks dismissal of Wilson's appeal arguing that the judgment from which Wilson appeals was not final for purpose of appeal.

## UNISTRUT'S MOTION TO DISMISS

■ A judgment is final for purpose of appeal that disposes of all issues as to all

1. All statutory references are to RSMo 1986.

parties, leaving nothing for future determination. *Magee v. Blue Ridge Professional Building Co.,* 821 S.W.2d 839, 842 (Mo. banc 1991). When multiple parties are involved in an action, an order that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties shall not terminate the action as to any of the claims or parties and the order is subject to revision at any time before judgment adjudicating all claims or the rights and liabilities of all the parties, unless the trial court expressly provides in its order that there is no just reason for delay. Rule 74.01(b).

██ Ordinarily, when a claim is dismissed without prejudice, the plaintiff may cure the dismissal by filing another suit in the same court and, therefore, a dismissal without prejudice is not a final judgment for purpose of appeal. *Dillaplain v. Lite Industries, Inc.,* 788 S.W.2d 530, 532 (Mo. App.1990). However, when a plaintiff's action against one defendant is dismissed by the trial court for failure to state a cause of action and the plaintiff subsequently dismisses his action against all remaining defendants, without prejudice, the judgment of the trial court dismissing as to the initial defendant becomes final for purpose of appeal. *Magee v. Blue Ridge Professional Building Co., Inc.,* 821 S.W.2d at 842.

██ In the case at bar, Wilson's action against Unistrut was dismissed for lack of subject matter jurisdiction upon the court finding that Wilson's claim against Unistrut was subject to the exclusive jurisdiction of Worker's Compensation. The trial court did not make an express finding that there was no just reason for delay. Nonetheless, as in *Magee,* Wilson's subsequent dismissal of his claim against Hard–Temp and PPG without prejudice rendered the dismissal as to Unistrut final for purpose of appeal.

Although Wilson refiled his action against Hard–Temp and PPG, the fact that Wilson has not refiled against Unistrut indicates that Wilson acknowledges that the dismissal as to Unistrut had the effect of precluding refiling to the extent that the court had already determined that his claim against Unistrut was subject to the exclusive jurisdiction of Worker's Compensation. Additionally, if subject matter jurisdiction was lacking, any action taken by the court would be null and void. *Parmer v. Bean,* 636 S.W.2d 691, 694–95 (Mo.App.1982).

The trial court's dismissal of Wilson's claim against Unistrut was final for purpose of appeal under the circumstances herein. Unistrut's motion to dismiss this appeal is denied.

## WILSON'S APPEAL

██ In his appeal, Wilson argues that the trial court erred in dismissing his claim against Unistrut in that he was not a statutory employee under section 287.040.1 because he was not working in Unistrut's usual business when he was injured.

Under section 287.040, an employer who hires an independent contractor can be considered the employer of the independent contractor's employees for purposes of Worker's Compensation law. If the statute applies, worker's compensation is the only remedy the statutory employee has against the statutory employer for a job-related injury and the courts have no subject matter jurisdiction to hear any common law suit concerning the injury. *Wood v. Procter & Gamble Mfg. Co.,* 787 S.W.2d 816, 818 (Mo.App.1990) (citation omitted).

██ The purpose of section 287.040 is to prevent an employer from evading worker's compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees would otherwise perform. *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532, 534 (Mo. banc 1988) (citations omitted).

██ Categorization as a statutory employee is contingent on the coexistence of the following factors: 1) the work being performed is pursuant to contract, 2) the injury or death was inflicted on or about the premises of the alleged statutory employer, 3) the work performed by the alleged statutory employee must be that which is in the operation of the usual business of the alleged statutory employer. *Id.* When attempting to determine the applica-

tion of section 287.040, each case must be determined on its own facts and the court must recognize the "real roles and relationships" of the parties as they relate to the purpose of the statute. *Wood v. Procter & Gamble Mfg. Co.*, 787 S.W.2d at 819 (citation omitted).

In the case at bar, there is no dispute that the work was performed pursuant to a contract or that the injury occurred on or about the premises of the statutory employer. This appeal involves solely the element of whether the work performed was in the operation of the usual business of Unistrut.

Unistrut was obligated under its contract on the Edwards Project to fabricate and install skylights. Unistrut had initially subcontracted with Skylight for Skylight to fabricate and install the skylights. Then, because of Skylight's inability to perform, Unistrut undertook to perform the work itself and entered into a consulting agreement with Wilson whereby Wilson would supervise the fabrication and installation of the skylights on behalf of Unistrut.

Wilson argues that Unistrut did not generally install skylights as part of its business, but rather was usually in the business of merely supplying the frame work for the skylights. The record reflects that Unistrut was chiefly a supplier of skylight frame work. However, Unistrut had contracted to construct and install skylights on two previous occasions where Unistrut subcontracted the skylight construction and installation to other contractors.

In the case at bar, Unistrut assumed responsibility for the construction and installation of the skylights. Unistrut employed additional personnel to assist in the construction and installation on the project in question and entered into a consulting agreement with Wilson for him to oversee the work. This was not a circumstance where the responsibility for the construction and installation was subcontracted by Unistrut. The construction and installation of skylights was the business undertaken by Unistrut and Unistrut was actually performing the work required. Wilson's supervision of the work was integral to Unis-

trut's fulfilling its contractual obligation to construct and install the skylights. Wilson's work for Unistrut was not merely incidental to the project.

Supervision of the very job responsibilities undertaken is a normal function of the employer. Considering that the purpose of section 287.040 is to prevent an employer from evading worker's compensation liability by hiring independent contractors to perform the usual and ordinary work which his employees would otherwise perform, Wilson was properly considered a statutory employee.

The judgment of the trial court is affirmed.

All concur.