Jerry BARHAM, Appellant,

v.

Judith K. MORIARTY, Respondent.

No. WD 49588.

Missouri Court of Appeals,
Western District.

Aug. 2, 1994.

Roger Gordon Brown, Jefferson City, Theodore C. Beckett, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Amy Elizabeth Randles, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and
LOWENSTEIN and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Jerry W. Barham, filed a petition with the Circuit Court of Cole County to reinstate him on the official ballot for the Democratic primary election for state representative for the 36th District. The trial court entered a judgment based on section

130.071.2, RSMo Supp.1993,[1] dismissing Barham's action and lifting a stay which had been issued against the Secretary of State. Barham appealed that judgment to the Missouri Supreme Court contending that section 130.071.2 is unconstitutional. The Supreme Court transferred the case to this court on June 16, 1994. Judgment affirmed.

Barham filed a declaration of candidacy for the state representative position with the Secretary of State on February 21, 1994. Barham was the first Democratic candidate to file and his name was subsequently placed at the top of the official ballot for the Democratic primary. However, on May 6, 1994, the Secretary, acting pursuant to section 130.071.2, removed Barham's name from the official ballot for his failure to file campaign disclosure reports relating to previous elections. On May 27th, Barham pleaded guilty to violating the campaign finance disclosure law and paid a $25.00 fine. Shortly thereafter, Barham filed the over-due reports and on June 2nd the Missouri Ethics Committee issued a letter to the Secretary of State's office certifying that Barham's disclosure reports were up to date. Barham was unable to file another declaration for candidacy, however, as the March 29th deadline for filing had passed.

On June 3, 1994, Barham filed a Petition to Reinstate himself on the ballot. On June 7th, the trial court issued an order staying the Secretary from certifying an official ballot in the Democratic primary for the office of state representative for the 36th District. On June 10, 1994, the Secretary filed a Motion to Dismiss and a Motion to Lift the Stay. On June 13th, Barham filed Suggestions in Support of Requested Relief and Response to Defendant's Motion to Dismiss. In that pleading, Barham claimed that section 130.-071.2 was unconstitutional under Article III, Section 4, of the Missouri Constitution as the statute creates additional eligibility requirements for holding the office of state representative. On June 14th, a hearing was held and the trial court dismissed Barham's petition and lifted the stay.

In his first point on appeal, Barham claims that section 130.071.2 infringes his liberty interest in seeking political office in violation of his rights under the First and Fourteenth Amendments of the United States Constitution and Article I, Sections 2 and 10, of the Missouri Constitution. This argument is presented for the first time in Barham's appellate brief.

Missouri courts have consistently stated that a constitutional issue is not preserved for appeal unless it is raised at the earliest opportunity consistent with good pleading and orderly procedure. *City of Chesterfield v. Director of Revenue,* 811 S.W.2d 375, 378 (Mo. banc 1991). In *City of Chesterfield,* the Supreme Court stated clearly that:

[a]ttacks on the constitutionality of a statute are of such dignity and importance that raising such issues as an afterthought in the brief on appeal will not be tolerated.

*Id.* Consequently, we find this constitutional question was not properly preserved for appeal as Barham failed to present this issue to the trial court or include it in his notice of appeal.

In Barham's second point on appeal, he contends that section 130.071.2 violates Article III, Section 4 of the Missouri Constitution by imposing eligibility requirements for election as a state representative in addition to those specified by the constitution. The Secretary contends that this issue was also not preserved for appeal because Barham did not raise this issue in his Petition to Reinstate which would have been his earliest opportunity.

In *Magee v. Blue Ridge Professional Building Co.,* 821 S.W.2d 839, 841 (Mo. banc 1991), the defendant raised a statute as a bar to plaintiff's claim in a motion to dismiss. The plaintiff did not claim the statute violated any specific provision of the constitution in her suggestions in response to that motion. However, at the hearing on the motion to dismiss, the plaintiff argued that the statute was unconstitutional and specified the grounds for that belief. *Id.* at 844–45. The trial court affirmed the motion to dismiss

---

1. All references to section 130.071.2 are to RSMo    Supp.1993.

without stating a basis for its decision. *Id.* at 845. The Supreme Court found that the issue was preserved for appeal after concluding that the trial court had rejected plaintiff's constitutional argument since the trial court was presented with the argument and must have relied on the challenged statute in granting the dismissal. *Id.* at 845.

Although Barham did not include this argument in his original petition, he did present the issue to the trial court in his Suggestions in Support of Requested Relief and Response to Defendant's Motion to Dismiss and attempted to argue this issue at the hearing. As in *Magee,* the trial court had this issue before it when it granted the motion to dismiss. Although the trial court granted the motion without providing a basis for its decision, it must have relied on section 130.071.2 to reach that conclusion. We conclude that the trial court rejected Barham's constitutional argument and this issue was properly preserved for appeal.

■ In providing for the eligibility requirement for the office of state representative, Article III, Section 4 of the Missouri Constitution states:

> Each representative shall be twenty-four years of age, and next before the day of his election shall have been a qualified voter for two years and a resident of the county or district which he is chosen to represent for one year, if such county or district shall have been so long established, and if not, then of the county or district from which the same shall have been taken.

Barham cites to *Labor's Educational and Political Club–Independent v. Danforth,* 561 S.W.2d 339, 343 (Mo. banc 1977), for the general rule that where the constitution provides specific eligibility requirements for a constitutional office the legislature has no power to require additional or different qualifications for that office. Section 130.071.2 provides:

> In addition to any other penalties provided by law, no person may file for any office in a subsequent election until he or the treasurer of his existing candidate committee has filed all required campaign disclosure reports for all prior elections.

Barham contends that section 130.071.2 presents eligibility requirements in addition to those listed in Article III, Section 4, by requiring a potential candidate to file disclosure reports from past elections before being allowed to file as a candidate.

In *Danforth,* various parties were challenging the constitutionality of the Campaign Finance and Disclosure Act, sections 130.010 et seq., RSMo Supp.1975. *Danforth,* 561 S.W.2d at 342. The court adopted labels for considering the constitutionality of statutory requirements for office. The court proclaimed that "eligibility" would be used to refer to constitutional requirements which could not be made by statute while "qualifications" would refer to requirements that are not unconstitutional. *Danforth,* 561 S.W.2d at 344. The court admitted that these differences could be confusing and the differences between an eligibility requirement and a qualification requirement may be both "academic and esoteric." *Id.* at 344. The court indicated that these labels were based on a definition of "eligible" as meaning "capable of being chosen," and "qualified" meaning the "person chosen" has taken the required acts before assuming office such as taking an oath or posting a bond. *Id.* at 344. The court then found that a statute which prevented a certificate of election from being issued to a person who had not met the disclosure requirements was not an eligibility requirement so it was not unconstitutional. *Id.* at 344. However, the court struck down one part of the Act which prevented a person who had willfully violated the Act from being a candidate for any office for ten years, after finding that such a restriction was an eligibility requirement. *Id.* at 345.

Barham would read *Danforth* to stand for the proposition that any disclosure requirement which prevents a person from filing as a candidate is an unconstitutional eligibility requirement. Barham focuses on the definitions of "eligible" and "qualified" in *Danforth* in contending that section 130.071.2 is unconstitutional. Barham argues that since "qualified" involves acts taken by a "person chosen," section 130.071.2 must not be a qualification since he is not a "person chosen." Barham concludes that if the statutory re-

quirement is not a qualification, then it must be an unconstitutional eligibility requirement.

■ The campaign disclosure provisions which the court found constitutional in *Danforth* prevented the issuance of a certificate of election to a person who failed to make the proper disclosures. Thus, those provisions only applied to persons already chosen and the court had no need to determine whether statutes which prevented a person from filing as a candidate until the required disclosures were made would be characterized as a qualification or an eligibility requirement. We are called on to answer that question in the case at bar and find that Barham interprets *Danforth* too broadly when he concludes that all disclosure requirements which restrict the right to file as a candidate are unconstitutional eligibility requirements. The substantive distinction in *Danforth* was between statutory requirements which create an absolute bar to seeking office and those which require a person to take certain procedural steps to comply with the law before being allowed to seek office. Only those requirements which create an absolute bar are eligibility requirements and are unconstitutional.

Section 130.071.2 requires that Barham be in compliance with the campaign disclosure laws before he can file a declaration of candidacy. Such a requirement does not unconstitutionally prevent a person's candidacy because of an existing condition as does an eligibility requirement. Rather, requiring a potential candidate to take actions in order to comply with the laws for becoming a candidate is similar to becoming "qualified" as described in *Danforth* since the securing of the right at stake is dependent upon the performance of certain acts by the office seeker. Consequently, we hold that the disclosure requirement of section 130.071.2 which required Barham to file campaign disclosure statements from past elections does not impose an additional eligibility requirement for the office of state representative in

contravention of the constitution.[2] Were we to find otherwise, it would follow that all requirements for placement on the ballot are unconstitutional eligibility requirements, including filing deadlines, since such requirements prevent someone from becoming a candidate unless that person takes certain actions to comply with the law.

In holding that requiring acts of disclosure before becoming a candidate is not unconstitutional, we find that the timing of those required acts, whether they must be made before or after a person is "chosen," is inconsequential as long as the statute does not create an absolute bar to seeking the office and a potential candidate has a reasonable opportunity to meet the statutory requirements. Barham had until March 29, 1994 to file his over-due disclosure reports and declaration of candidacy and simply failed to do so. Barham remains eligible for the office as a write-in candidate and may be placed on the ballot should the Secretary need to re-open the ballot to remove a name due to a candidate's voluntary withdrawal, disqualification or death.

The judgment of the trial court is affirmed.

All concur.

---

2. The Massachusetts Supreme Court made this same interpretation of *Danforth*. In *Opinion of the Justices to the Senate*, 376 N.E.2d 810, 820 (Mass.1978), the court was asked to determine whether a proposed law which would require a candidate to file a statement of financial interests before filing a declaration of candidacy would

constitute additional eligibility requirements for constitutional public office. The court, relying on *Danforth*, stated in a summary fashion that the law would not affect the eligibility requirements for constitutional public office or add to the qualifications for office.