Lonnie SNELLING, Appellant,

v.

**MASONIC HOME OF MISSOURI,
et al., Respondent.**

No. 67004.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 6, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 24, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Lonnie Snelling, University City, pro se.

Kathi Lynne Chestnut, St. Louis, for respondent.

WHITE, Judge.

Appellant, Lonnie Snelling, appeals the trial court's dismissal of his action for fraud, negligent infliction of emotional distress, and violation of his constitutional rights. The appeal must be dismissed because appellant failed to timely file his notice of appeal.

Appellant filed his petition in the Circuit Court of the City of St. Louis. On March 23, 1993, the court transferred the case to the Circuit Court of St. Louis County because of improper venue. In his first amended petition, appellant named as defendants Masonic Home of Missouri, State of Missouri, and Active Business Liquidations. Appellant alleged he had been the second highest bidder at an auction for certain real property. Appellant also alleged the highest bidder was "associated with the auctioneer" and, therefore, he actually was the highest bidder. Appellant alleged further he was entitled to damages for fraud, negligent in-

fliction of emotional distress, and for violation of his constitutional rights. Masonic Home of Missouri filed a motion to dismiss appellant's first amended petition for failure to state a cause of action. State of Missouri also filed a motion to dismiss.[1] Listed below is a portion of the proceedings which occurred thereafter.

June 24, 1993: Trial court grants motions to dismiss appellant's first amended petition filed by Masonic Home of Missouri and State of Missouri.

October 21, 1993: Trial court denies appellant's motion to file second amended petition.

November 18, 1993: Trial court denies appellant's motion to file third amended petition.

November 22, 1993: Trial court appoints special process server.[2]

April 20, 1994: Trial court denies appellant's request to file fourth amended petition and enters order dismissing with prejudice appellant's claim against Masonic Home of Missouri.

May 26, 1994: Trial court places cause on dismissal docket of June 27, 1994.

June 10, 1994: Trial court denies appellant's motion to remove cause from dismissal docket.

June 27, 1994: Trial court enters the following order: "On the Court's own motion, all claims herein, are dismissed without prejudice for failure to prosecute, with costs assessed against the party filing the action in accordance with Rule 77.01."

July 15, 1994: Appellant files motion for reconsideration of dismissal with prejudice of defendant, Masonic Home of Missouri, or in the alternative new trial.[3]

July 19, 1994: Trial court denies appellant's July 15, 1994 motion for reconsideration of dismissal or new trial.

July 27, 1994: Appellant files a motion which he titles "Plaintiff's Resubmission Of Plaintiff's Amended Motion For Reconsideration Of Dismissal With Prejudice Of Defendant Masonic Home Or In The Alternative A New Trial."

September 26, 1994: Trial court denies appellant's July 27, 1994 motion.

October 6, 1994: Appellant files notice of appeal.

On his notice of appeal, appellant identified the "Judgment or Order Appealed From" as "3/23/93 thru 9/26/94." Appellant listed on his notice of appeal the date of judgment as April 20, 1994. On his list of parties, appellant only named, other than himself, Masonic Home of Missouri. Appellant attached to the notice of appeal his July 27, 1994 motion for resubmission of reconsideration of dismissal or new trial, the September 26, 1994 order denying the July 27, 1994 motion, the April 20, 1994 order dismissing with prejudice Masonic Home of Missouri, the June 24, 1993 order granting the motions to dismiss, and the March 23, 1993 order transferring the case for improper venue. Masonic Home of Missouri filed a motion with this court to dismiss the appeal, alleging the notice of appeal was not timely filed. This motion was ordered taken with the case.

■ We must first determine whether there is a final judgment from which an appeal can be taken. A judgment is final if it disposes of all issues as to all parties and leaves nothing for future determination. *Magee v. Blue Ridge Professional Building Co.*, 821 S.W.2d 839, 842 (Mo. banc 1991). Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court and, therefore, a dismissal without prejudice is not a final judgment for the purpose of appeal. *Wilson v. Unistrut Service Co.*, 858 S.W.2d 729, 731 (Mo.App.W.D. 1993). However, when a plaintiff's action against one defendant is dismissed by the trial court for failure to state a cause of action and the plaintiff subsequently dismiss-

---

1. This motion is not part of the record on appeal.

2. It does not appear from the record Active Business Liquidations was ever served with process.

3. Appellant argues he also filed on July 15, 1994 a motion to set aside the June 27, 1994 dismissal for failure to prosecute. Appellant submitted to this court a file stamped copy of this motion. However, the docket sheet does not reflect this motion was ever filed or ruled upon. If appellant believed the docket sheet was in error, he should have presented this complaint to the trial court. *Cozart v. Mazda Distrib. Inc.*, 861 S.W.2d 347, 352 (Mo.App.S.D.1993).

es, without prejudice, the action against all remaining defendants, the trial court's judgment dismissing the initial defendant becomes final for the purpose of appeal. *Id.* (citing *Magee,* 821 S.W.2d at 842).

■ In *Magee,* the trial court granted one of the defendant's motion to dismiss. *Magee,* 821 S.W.2d at 841. Our Supreme Court held when the plaintiff later voluntarily dismissed her action as to the remaining defendants the dismissal order against the first defendant was a final judgment for the purpose of appeal. *Id.* at 842. In the present case, the trial court dismissed all remaining claims for failure to prosecute. We find no reason to distinguish between the situation where a plaintiff voluntarily dismisses remaining defendants and the case presented here where the trial court dismisses a remaining defendant for failure to prosecute. Accordingly, the trial court's order dismissing Masonic Home of Missouri was a final judgment for the purpose of appeal.

■ We next determine whether appellant timely filed his notice of appeal. Rules 81.04(a) and 81.05(a) are applicable to this issue.

Rule 81.05 was amended effective January 1, 1994, to provide that if the ruling for the new trial comes in the first thirty days after the judgment, then judgment becomes final on the thirtieth day after the judgment. Because Rule 81.04(a) allows ten days from the judgment becoming final to file a notice of appeal, this will allow for a minimum of forty days after the date of judgment for the notice of appeal to be filed after the entry of judgment.

*Bailey v. Innovative Management & Investment, Inc.,* 890 S.W.2d 648, 649 n. 1 (Mo. banc 1994). On June 27, 1994, the trial court dismissed all remaining claims for failure to prosecute and the case became appealable. On July 15, 1994, appellant filed a motion to reconsider the dismissal, with prejudice, of Masonic Home of Missouri, or in the alternative new trial. This motion raised errors of fact and law allegedly made by the trial court and will be considered as a motion for new trial. *Miller v. Enyeart,* 893 S.W.2d 901, 903 (Mo.App.W.D.1995). The trial court denied this motion on July 19, 1994. The judgment became final on July 27, 1994, thirty days after the June 27, 1994 judgment. Rule 81.05(a). Appellant then had ten days after July 27, 1994 to file his notice of appeal. Rule 81.04(a). Appellant's filing of his notice of appeal on October 6, 1994 was not timely. Appellant's motion filed on July 27, 1994, which purportedly attempted to resubmit his motion for reconsideration of dismissal or new trial and the trial court's subsequent denial of this motion, does not alter the time in which the appeal had to be filed. *See In re Lunar Tool & Machinery, Inc.,* 857 S.W.2d 322, 324 (Mo.App.E.D.1993).

■ Appellant also failed to seek a special order of this court to permit a late filing of the notice of appeal pursuant to Rule 81.07(a). The six month time period within which appellant could seek such an order has expired and this time period may not be enlarged. *Templeton v. Smith,* 840 S.W.2d 268, 271 (Mo.App.E.D.1992).

Because appellant failed to file a timely notice of appeal, Masonic Home of Missouri's motion taken with the case is granted and the appeal is dismissed.

SMITH, P.J., and PUDLOWSKI, J., concur.