**In re the ESTATE OF Hazel JOHNSON, Incapacitated and Disabled.**

**Alfreda H. JONES, Appellant,**

v.

**Roxanne CLEMENT, Respondent.**

**No. 67510.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 17, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1995.

Application to Transfer Denied
Jan. 23, 1996.

Warren W. Friedman, St. Louis, for Appellant.

Patrick J. Hagerty, St. Louis, for Respondent.

WHITE, Judge.

Alfreda Jones appeals from the probate court's order dismissing without prejudice her petition to determine title to certain property in the guardianship estate of Hazel Johnson. Appellant also appeals the striking of her objection to final settlement and in approving the First Amended Settlement over her objection. We dismiss the appeal.

Appellant is the sister of Hazel Johnson. On August 30, 1988, Ms. Johnson was declared incompetent to manage her affairs and respondent, Roxanne Clement, was appointed as Ms. Johnson's guardian and conservator of her estate. Ms. Johnson died testate on November 18, 1991.[1]

---

1. Appellant brought an action contesting Ms. Johnson's will. This action is pending in the probate court of the City of St. Louis. Appellant

alleges, if the will contest is successful, she is the sole heir at law to Ms. Johnson's estate.

For several years following Ms. Johnson's death, the guardianship estate remained open and respondent continued to serve as its conservator. Ultimately, the probate court set for hearing final settlement of the guardianship estate. Appellant subsequently filed a petition to determine title to certain property in the guardianship estate and an "Objection to Final Settlement and Discharge of Fiduciary, and Motion to Suspend Approval of Final Settlement Pending Determination of Petition to Determine Title to Property."[2] The probate court dismissed without prejudice appellant's "Petition to Determine Title to Property" for want of standing. Appellant's "Objection to Final Settlement and Discharge of Fiduciary" was similarly struck for lack of standing and her "Motion to Suspend Approval of Final Settlement Pending Determination of Petition to Determine Title to Property" was denied. The court approved the "First Amended Settlement to the Estate" and discharged respondent as fiduciary. This appeal followed.

Appellant contends the probate court erred in dismissing for lack of standing her "Petition to Determine Title to Property" and "Objection to Final Settlement" because she is an "interested person" under § 472.010.15 RSMo 1994.[3] Respondent filed a motion with this court to dismiss the appeal, alleging appellant has no standing because she is not an aggrieved party under § 512.020 RSMo 1994. This motion was ordered taken with the case.

Dispositive of this appeal is the preliminary issue of our jurisdiction to consider the merits of the probate court's orders. *Sua sponte,* we must first determine whether there is a final judgment from which an appeal can be taken. A judgment is final if it disposes of all issues as to all parties and leaves nothing for future determination. *Cooper v. Continental Fidelity Sur. Co.,* 851 S.W.2d 65, 67 (Mo.App.E.D.1993). Where the record demonstrates the trial court's judgment is not final, we have no choice but to dismiss the appeal as premature. *Id.*

Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court and, therefore, a dismissal without prejudice is not a final judgment for the purpose of appeal. *Wilson v. Unistrut Service Co.,* 858 S.W.2d 729, 731 (Mo.App. W.D.1993). Here, appellant's "Petition to Determine Title to Property" and "Objection to Final Settlement" were dismissed without prejudice and did not constitute final judgments.[4] Exceptions to the general rule are not applicable here.[5] *Magee v. Blue Ridge Professional Building Co.,* 821 S.W.2d 839, 842 (Mo. banc 1991); *Snelling v. Masonic Home of Missouri,* 904 S.W.2d 251 (Mo.App. 1995).

Because the probate court's orders dismissing appellant's "Petition to Determine Title to Property" and "Objection to Final Settlement" without prejudice do not constitute final judgments and thus are not appealable orders, respondent's motion taken with

---

2. In her "Petition to Determine Title to Property," appellant alleged respondent had failed to account for and had mismanaged assets of the guardian estate.

3. Appellant cites to § 472.005.15 RSMo 1994. However, the applicable statute is § 472.010.15.

4. The probate court's order dismissing appellant's "Petition to Determine Title to Property" expressly stated it was "without prejudice." The probate court's order striking appellant's "Objection to Final Settlement" failed to make such a declaration. However, Rule 67.03 states "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."

5. We note appellant in her brief concedes the purpose of this appeal is to guard against respondent's mishandling of the guardianship estate because *"if* [appellant] is successful in the will contest action, then as Hazel Johnson's sole surviving heir at law, [appellant] will receive all of the assets comprising Hazel Johnson's decedent's estate under the laws of intestate succession." (emphasis added). Thus, because of the future *possibility* appellant will be successful in the will contest action, she asserts it grants her standing in the present case. Intrigued though we may be with the opportunity to examine appellant's proposition, we find ourselves unable to embark on this journey. We do, however, note *if* appellant is successful in the will contest action, she may be entitled to proceed against respondent for any abuse in the guardianship estate.

**562**

the case is granted and the appeal is dismissed.

REINHARD, P.J., and KAROHL, J., concur.