In the ESTATE OF Jack Vernon
HOSKINS, Deceased.

Anthony Dohogne, Personal Representative of the Estate of Jack Vernon Hoskins, Respondent,

v.

Kim Smith Hoskins, Appellant.

No. 74941.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 27, 1999.

Russell A. Willis, III, St. Louis, for appellant.

John L. Oliver, Jr., Cape Girardeau, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Kim Smith Hoskins (Appellant) appeals from the probate division's order granting Anthony Dohogne's (Respondent) motion to compel Appellant to execute a financial authorization. We dismiss the appeal.

Jack Vernon Hoskins (the decedent) died July 28, 1993. Letters testamentary were granted to Respondent. On November 24, 1993, Respondent, as the decedent's personal representative, filed a two-count petition against Appellant, the decedent's widow, to discover assets pursuant to Section 473.340, RSMo 1994. Count I sought recovery of certain sums from Mutual of Omaha. Count II sought recovery of funds from Appellant based on: (1) her receipt of twenty thousand dollars ($20,-000.00) from the Veteran's Administration; (2) her control of assets of the decedent represented by stock of Kolcott Investments; and (3) fifteen thousand dollars ($15,000.00) in checks payable to the decedent which were endorsed by Appellant. Count I of the petition has been resolved by Counterclaim and Interpleader.

On May 18, 1998, Respondent mailed a request for production of documents to Appellant. Respondent requested that Appellant execute a "Financial Authorization" authorizing the Bank of Panama to disclose the existence of assets to the personal representative. Appellant made no reply and filed no objections to the request. Appellant filed a Motion to Dismiss Count II of the petition. Thereafter, on June 12, 1998, Respondent filed a Motion to Compel pursuant to Rule 61. Respondent also filed a motion to hold Appellant's motion to dismiss in abeyance. The probate court entered its "Judgment and Order" granting Respondent's motion and ordered Appellant to execute the financial authorization. The probate court's order also held Appellant's motion to dismiss in abeyance "until further Order of this [c]ourt." This appeal follows.

Under the provisions of Section 472.160, any interested person aggrieved may appeal from an order, judgment or decree of the probate division of the circuit court in thirteen specifically defined categories. The judgment in question does not fall within those categories. However, with certain exceptions not applicable to this case, such an appeal may also be taken "[i]n all other cases where there is a final order or judgment of the probate division of the circuit court under this code...." Section 472.160.1(14). We must consider the threshold issue of our jurisdiction to consider the merits of the probate court's order by determining whether there is an appealable final judgment.

The appellate court has jurisdiction only over final judgments. *Estate of Johnson, In re,* 912 S.W.2d 560, 561 (Mo. App. E.D.1995). For a judgment to be final and appealable, it must dispose of all issues and all parties in the case and leave nothing for future determination. *Id.*

■ In the instant case, the probate court did not dispose of all the issues and therefore, the "Judgment and Order" of the probate court does not constitute a final judgment. The order granted Respondent's motion to compel Appellant to execute the financial authorization. However, this order did not dispose of all issues and parties. The order did not dispose of the claims contained in Count II of the original petition. Moreover, the probate court's order was in the nature of a discovery order and is not appealable. *See Daugherty v. Bruce Realty & Development, Inc.*, 840 S.W.2d 271, 272 (Mo.App. E.D.1992). We interpret the order as an attempt by the probate court to compel the parties to responsibly proceed with discovery and not as the entry of a final judgment.

Furthermore, the probate court's order held Appellant's Motion to Dismiss in abeyance until further order by the court. The order does not dispose of the motion to dismiss, but instead the probate court declines to decide the issue until further discovery is conducted. The probate court's order explicitly does not dispose of all the issues.

The "Judgment and Order" in question does not dispose of all pending claims and issues. There is, therefore, no appellate jurisdiction in the instant case. As a result, Respondent's Motion to Dismiss is hereby granted and this appeal is dismissed.

KAROHL, J., and RICHARD B. TEITELMAN, J., concur.