In the ESTATE OF Dorothy CLARK, Deceased.

Roger Clark, Appellant,

v.

Erwin and Joyce Clark; Berry F. Laws, Personal Representative, Respondents.

No. WD 60527.

Missouri Court of Appeals, Western District.

Sept. 3, 2002.

Deniel R. Dykstra, Kansas City, MO, for Appellant.

Donald A. Witt, Platte City, MO, for Respondents.

Before ELLIS, C.J., HOLLIGER and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

This is an appeal from a probate court order dismissing a Petition for Discovery of Assets. Because we find the petition was sufficient to invoke the probate court's jurisdiction and state a claim for relief, we reverse and remand the case for further proceedings.

### Factual and Procedural Background

Dorothy Clark died intestate in Platte County on August 20, 1998, leaving two sons, Erwin Clark and Roger Clark. In the months following Dorothy's death, a dispute arose between her sons regarding the sale proceeds of an 86 acre farm property she once owned.

The dispute dated back to a 1993 "Purchase Agreement" executed by Dorothy, Roger, and Erwin. The agreement provided that Erwin and his wife, Joyce, would purchase Dorothy's farm property,

located in Vermont, for $163,000, payable over a six-year period. The agreement further provided that, upon Dorothy's death, Roger would be entitled to $56,000 of the farm property's sale proceeds. The agreement indicated this $56,000 was intended to equalize the overall distribution of Dorothy's real estate assets between her two sons.[1] Erwin was to receive the remainder of the sales proceeds and retain the farm property upon Dorothy's death, pursuant to this 1993 agreement.

In 1994, Erwin, Joyce, and Dorothy entered into another Purchase Agreement, which they intended to supersede and revoke the 1993 agreement. Roger was not made aware of or party to this 1994 agreement. The 1994 agreement provided that Erwin and Joyce would purchase the farm property from Dorothy at a value to be determined by appraisal. Upon closing, 70% of the appraised value was to be paid by check, with the balance payable to Dorothy by note at 6% interest. On June 3, 1994, Dorothy executed a warranty deed transferring ownership of the farm property to Erwin and Joyce.[2]

When Dorothy died in August 1998, Roger sought his $56,000 share of the farm property sale proceeds, as provided in the 1993 agreement. Erwin disputed the validity of the 1993 agreement, claiming it was revoked and superceded by the 1994 agreement, which did not require any of the sale proceeds to be distributed to Roger.

In 1999, Roger and Erwin separately filed Letters of Administration in Platte County Circuit Court to probate Dorothy's estate. By agreement of the brothers, the probate court appointed Berry F. Laws as Personal Representative of the estate. In May 2001, Roger filed a Petition for Discovery of Assets to determine his entitlement to a portion of the farm property sales proceeds. Respondents named in the Petition were Erwin, Joyce, and the Personal Representative of decedent's estate.

Respondents Erwin and Joyce filed a Motion to Dismiss and Motion for Judgment on Pleadings. The motion challenged the probate court's subject matter jurisdiction, asserted affirmative defenses to the petition, and argued the petition failed to state a claim on which relief could be granted. After hearing, the probate court granted the motion and entered a summary "Order of Dismissal" as to all parties. Roger appeals.

### Finality of Judgment

As a preliminary matter, Respondents Erwin and Joyce claim the probate court's "Order of Dismissal" was not a final judgment and, therefore, is not appealable. They note the order was not designated a judgment and did not dispose of all pending issues in the probate court relative to decedent's estate. Respondents have moved to dismiss the appeal on this basis.

The right to appeal from a probate court's judgment is purely statutory. *In the Matter of Walker*, 875 S.W.2d 147, 149 (Mo.App. E.D.1994). Under

1. At the time of the 1993 agreement, the estimated total value of Dorothy's real estate assets was $240,000. The agreement indicated that Dorothy intended this total value to be equally distributed upon her death, giving each son property or cash valued at $120,000. Roger was scheduled to receive property valued at $64,000 prior to Dorothy's death; thus, he was entitled to an additional $56,000 to equalize the distribution.

2. The record on appeal does not provide any information regarding the actual purchase price or the actual date of closing under the 1994 Purchase Agreement.

§ 472.160.1(14)[3] of the probate code, aggrieved persons are entitled to appeal final orders or judgments of the probate court. This entitlement must be liberally construed, as the law favors the right to appeal. *Id.*

The finality of a probate court order is not solely determined by whether it is labeled a judgment. See *Kemp v. Balboa*, 959 S.W.2d 116, 118 (Mo.App. E.D. 1997) (civil rules requiring "judgment" label do not apply to appeals under the probate code). For an order to be final and appealable, it must dispose of all issues and parties in the case, leaving nothing for future determination. *In re Estate of Hoskins*, 996 S.W.2d 792, 793 (Mo.App. E.D.1999).

Respondents do not dispute that the probate court's Order of Dismissal disposed of all claims raised and parties named in the Petition for Discovery of Assets. Nevertheless, they contend the order is not final because the probate court must resolve other pending issues relative to decedent's estate. *Id.; In the Matter of the Estate of Woodrum*, 859 S.W.2d 259 (Mo.App. S.D.1993). Our reading of these cases does not support Respondent's contention.

Both *Hoskins* and *Woodrum* were appealed from a probate court's dismissal of a petition for discovery of assets. In *Hoskins*, the appeals court found the dismissal was not a final order because it addressed only one of two counts in the petition. 996 S.W.2d at 794. The appeal was dismissed for lack of appellate jurisdiction because the probate court's order failed to dispose of all claims in the discovery of assets action, not all claims in the underlying estate proceedings. *Id.* In *Woodrum*, there was no issue raised on appeal as to finality of the probate court's dismissal of the petition. The appeals court exercised jurisdiction and reviewed the sufficiency of the petition, even though the underlying estate remained open. Thus, *Woodrum* actually supports Appellant's position that appellate jurisdiction is proper here, notwithstanding the pending status of decedent's estate.

We find that the Order of Dismissal was final, for purposes of appeal, because it disposed of all claims and issues in the discovery of assets proceeding. Although not labeled a "judgment" as defined by civil rules of procedure, the order is appealable under § 472.160.1(14) of the probate code. The fact that decedent's estate remains pending does not affect the finality of the order dismissing Roger's Petition for Discovery of Assets. Respondents' Motion to Dismiss Appeal is denied.

### *Sufficiency of the Petition*

A motion to dismiss is an attack on the petition and solely a test of the adequacy of the pleading. *Wheeler v. Sweezer*, 65 S.W.3d 565, 568 (Mo.App. W.D.2002). Upon review of an order granting a motion to dismiss, we must determine if the facts pleaded and the reasonable inferences therefrom state any ground for relief. *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 478 (Mo.App. W.D.2001). Our review is a *de novo* examination of whether the petition invokes principles of substantive law. *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 409–10 (Mo.App. W.D. 2000).

Probate pleadings are not to be judged by the strict rules of pleadings applied to a petition in the circuit court. *Woodrum*, 859 S.W.2d at 261. The pleadings need only give reasonable notice of

---

**3.** statutory citations are to the Missouri Revised Statutes 2000, unless otherwise noted.

the nature and extent of the claim. *Id.* The facts stated in the petition should be assumed to be true. *Id.* The trial court's ruling on a motion to dismiss must liberally construe the facts in petitioner's favor, allowing the benefit of all inferences fairly deducible from the facts in the petition. *Id.*

On appeal, Roger raises twelve points of error regarding the probate court's dismissal of his Petition for Discovery of Assets. Most of the points challenge Respondent's affirmative defenses, which are beyond our limited scope to review only the sufficiency of the petition. Accordingly, our decision addresses only those points which assert the petition was adequately pled to invoke the probate court's subject matter jurisdiction and state a claim for discovery of assets.

■■■■ A discovery of assets action is a special statutory proceeding over which the probate court has original and exclusive jurisdiction. *Chaney v. Cooper,* 954 S.W.2d 510, 519 (Mo.App. W.D.1997). Pursuant to § 473.340, a discovery of assets proceeding may be brought to determine whether certain property is or should be an asset of an estate. To state a claim for discovery of assets, the petitioner is required to plead: 1) a description of the subject property, if known; 2) the nature of petitioner's interest in the property; and 3) that title or possession of the property is being adversely withheld or claimed. § 473.340.1. The statutory remedy allows a successful petitioner to recover assets wrongfully withheld from the estate. *State ex Rel Knight v. Harman,* 961 S.W.2d 951, 955 (Mo.App. W.D.1998); § 473.340.3.

■■■■ Respondents claimed in their Motion to Dismiss that the Vermont farm property sales proceeds were not a part of decedent's estate and, therefore, the probate court did not have subject matter jurisdiction over the assets. However, since the purpose of a discovery of assets proceedings is to determine whether property is or is not an asset of an estate, jurisdiction is not based on whether one party claims the asset is outside of the estate.

■■■■ Because the probate court has original and exclusive authority over discovery of assets proceedings, Roger was only required to state a cause of action under § 473.340 in order to invoke subject matter jurisdiction. As excerpted, Roger's petition stated as follows:

1. Petitioner Roger Clark and Respondent Erwin Clark are the intestate heirs of Dorothy Clark deceased who died in Platte County, Missouri, on August 20, 1998, and there are no other persons who claim interest in the personal property which should be assets of the decedent's estate.

＊ ＊ ＊

3. Petitioner, Roger Clark, states that during the lifetime of Dorothy Clark, he, Erwin Clark, and the decedent, Dorothy Clark, entered into a Purchase Agreement in 1993, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference as though fully set forth herein.

4. The said 1993 Purchase Agreement attached as Exhibit "A" and incorporated herein required the distribution of certain Vermont farm sale proceeds received by Dorothy Clark, deceased, upon her death equally between Petitioner, Roger Clark and Respondent, Erwin Clark for the first $112,000.00 paid by or on behalf of Erwin Clark to purchase the Vermont farm referred to in Exhibits "A", "B" and "C."

＊ ＊ ＊

10. The Respondents, Erwin Clark and Dorothy Clark have unlawfully, without consideration obtained possession of some or all of the proceeds of the sale of the said Vermont real estate purchased by them from the deceased Dorothy Clark. They now have said property which they are adversely withholding and claiming as their own property and not the property of Dorothy Clark. The exact description of said personal property at the date of Dorothy Clark's death is unknown, but Petitioner is informed a separate fund known as the "farm account" held Vermont farm sale proceeds and was maintained in a Merrill–Lynch brokerage sub-account as a joint tenancy between Dorothy Clark, deceased, and the Respondents Erwin Clark, and Joyce Clark with account No. 627–63C36, and the Respondents, Erwin and Joyce Clark were the surviving joint tenants on the account, which account had a balance of approximately $55,408.00 as of August 28, 1998.

11. Respondents Erwin Clark and Joyce Clark's retention and holding of the sale proceeds from the Vermont real property described in Exhibits "A", "B" and "C", violates the terms of the 1993 Purchase Agreement between Dorothy Clark, deceased, Respondent, Erwin Clark, and Petitioner, Roger Clark, in that and said sale proceeds should have been held and owned solely by the decedent, Dorothy Clark, in order to comply with the 1993 Purchase Agreement.

12. Petitioner, Roger Clark requests the Court discover the personal property belonging to the decedent representing the proceeds of the sale of the Vermont real estate by Dorothy Clark, deceased, to Respondents, Erwin Clark and Joyce Clark, determine the title and right of possession thereto, determine the Estate of Dorothy Clark has an interest in all of the sale proceeds of the Vermont real property actually paid as herein described and to determine the nature and extent of such interest which Petitioner maintains to be 100% of the sale proceeds actually paid to Dorothy Clark, then to direct the payment and transfer of all of said proceeds, however held, to Berry F. Laws in his capacity as Personal Representative of the Estate of Dorothy Clark, and if said proceeds have been transferred or disposed of, for a money judgment for the value thereof with interest thereon from the date the property, or any interest therein, was adversely withheld; and further to render judgment in favor of the Personal Representative for all losses, expenses and damages, including interest, as provided by law, for costs of the action and for such other relief as is just and proper.

Roger's pleading satisfies the three statutory requirements to state a claim for discovery of assets. Paragraph 10 of the petition identified the property at issue as the sale proceeds from the Vermont farm property, formerly owned by the decedent. The petition alleged the sale proceeds were located in a specific Merrill Lynch brokerage account, valued at $55,408 about the time of decedent's death. This description was sufficient to give Respondents notice of the subject property.

Roger pled the nature of his interest in the sale proceeds in paragraphs one and three of the petition. Roger alleged he

was an heir of Dorothy and a party to the 1993 agreement which specified how the sale proceeds from her Vermont farm property would be distributed upon Dorothy's death. The petition pled that Roger was entitled to receive a portion of the sale proceeds pursuant to the 1993 agreement.

The petition further stated, in no uncertain terms in paragraph ten and eleven, that Respondents unlawfully possessed and claimed the sales proceeds as their own property, in violation of the 1993 agreement. The facts were sufficient to establish that the subject property was being adversely withheld from the estate, as required by the third element of a discovery of assets claim.

On a motion to dismiss, we review the facts only to determine whether they state a claim for relief, not whether Roger will ultimately prevail on the relief requested. *Wheeler*, 65 S.W.3d at 569. The general rule is that where a party seeks relief under a particular statute, he is not required to refer to the statute or use its terms literally, but he is required to plead facts which bring his case within the purview of the statute. *Williamson's Estate v. Williamson*, 380 S.W.2d 333, 338 (Mo. 1964)

The pleadings provided reasonable notice of the nature and extent of Roger's discovery of assets claim. We must assume the facts alleged in the petition are true. *Woodrum*, 859 S.W.2d at 261. The probate court had jurisdiction over the petition because it properly stated a claim under § 473.340 of the probate code. The court erred in dismissing the petition.

The Order of Dismissal is reversed and the cause remanded for further proceedings.

All concur.