In the ESTATE OF Reed
WILEY, Deceased.

No. ED 98738.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 19, 2013.

Robert M. Miller, High Ridge, MO, for
appellant.

LAWRENCE E. MOONEY, Presiding
Judge.

Jessica Malone, formerly Jessica
Cheeseman, the step-granddaughter of the

decedent, appeals the order of the probate division of the Circuit Court of St. Louis County denying her affidavit for collection of a small estate. Because, under all the facts of the case, we construe her affidavit as a request to admit the decedent's will to probate, we reverse and remand the order of the circuit court.

Following her step-grandfather's death on April 29, 2011, the appellant filed a copy of her step-grandfather's will and her affidavit for collection of small estate on April 30, 2012, the final day of the one-year statute of limitations set forth in Section 473.050.3(2) RSMo. (2000)[1]. The appellant delivered the original will to the probate division on May 22, 2012. The will devised all of the decedent's property to the appellant, and named her personal representative of the estate. On June 7, 2012, the probate division of the circuit court denied the appellant's affidavit for collection of small estate because she neither filed a separate application to admit her step-grandfather's will to probate, nor specifically requested admission of the will to probate in her affidavit. Furthermore, the circuit court observed that the time for presenting the will for probate had since expired.[2]

■ In one point on appeal, the appellant challenges the denial of her affidavit for collection of small estate. Where there is no dispute as to the basic procedural facts, we review the legal issues *de novo*, and issues involving the interpretation of statutory language are questions of law. *Hawkins v. Lemasters*, 200 S.W.3d 57, 59 (Mo.App. W.D.2006). In cases involving questions of law, we review the circuit court's determination independently, with-out deference to that court's conclusions. *Id.*

Section 473.050.1 states that "[a] will, to be effective as a will, must be presented for and admitted to probate." The statute then defines the term "presented" for purposes of the probate code. Section 473.050.2. To "present" a will for probate, one must first deliver the decedent's will to the probate division of the circuit court that would be the proper venue for administering the decedent's estate. Section 473.050.2(1). Alternatively, if the will has been lost, destroyed, suppressed, or is otherwise unavailable, one must deliver a verified statement setting forth the will's provisions, to the extent known, and explaining its unavailability. *Id.* Second, one must also deliver to the probate division of the circuit court one of the following: a) an affidavit pursuant to section 473.097 RSMo. (Supp.2012), which requests the will be admitted to probate; or b) a petition which seeks to have the will admitted to probate; or c) an authenticated copy of the order admitting the will to probate in any other U.S. state, territory, or district. Section 473.050.2(2).

■ The court's denial of the appellant's affidavit for failure to include certain language is analogous to the dismissal for failure to adequately plead a claim for relief. A motion to dismiss is an attack on the petition, and is solely a test of the adequacy of the pleading. *In re Estate of Clark*, 83 S.W.3d 699, 702 (Mo.App. W.D. 2002). As such, we must determine if the facts pleaded and the reasonable inferences therefrom state any ground for relief. *Id.* Courts should not judge probate

---

1. All statutory references are to RSMo. (2000) except as otherwise indicated.

2. "No proof shall be taken of any will nor a certificate of probate thereof issued unless such will has been presented within the appli-cable time set forth as follows: ... (2) In cases where notice has not previously been given in accordance with section 473.033 of the granting of letters on the estate of testator, within one year after the death of the testa-tor[.]" Section 473.050.3.

pleadings by the strict rules applied to pleadings in the circuit court. *Id.* The pleadings need only give reasonable notice of the nature and extent of the claim, and the court should assume the facts stated therein are true. *Id.* at 702–03. The court's ruling must liberally construe the facts in the petitioner's favor, allowing the benefit of all inferences fairly deducible from the facts stated in the pleading. *Id.* at 703.

Here, the appellant timely filed in the probate division of the Circuit Court of St. Louis County a form she obtained from the probate division titled affidavit for collection of small estate along with a copy of the will. The appellant also delivered her step-grandfather's original will to the probate division of the Circuit Court of St. Louis County while her affidavit was pending before the court. Said will devised all of the decedent's property to the appellant, and named her as the estate's personal representative. The title of the affidavit demonstrates that the appellant sought collection of her step-grandfather's assets. In addition, she stated in her affidavit that she was the sole devisee, and that no application for letters or for refusal of letters was either pending or had been granted.

■ We must judge the appellant's affidavit less strictly than a civil petition filed in the circuit court, granting the appellant the benefit of all inferences fairly deducible from the facts stated. *Id.* at 702–03. Generally, where a party seeks relief under a particular statute, she is not required to refer to the statute or to use its terms literally; rather, she is required to plead facts that bring her case within the purview of the statute. *Id.* at 705. Under the circumstances present here, we discern no other reason that the appellant would file with the probate division an affidavit for collection of small estate along with the

decedent's will other than to request the will's admission to probate.[3]

Here, we conclude that the appellant's affidavit provides reasonable notice of the nature and extent of her claim, thus meeting the requirements of section 473.050.2 for presenting a will to probate, even though it does not contain the specific words that it "requests" or "seeks" "such will be admitted to probate." We reverse and remand to the probate division of the circuit court for further proceedings consistent with this opinion.

PATRICIA L. COHEN and KURT S. ODENWALD, JJ., concur.

---

3. We do not recommend deviation from probate procedures. Closer adherence to probate procedures would have obviated the need for this appeal.