DANIEL E. SCOTT, J.
We conclude that spousal-beneficiary designations on Department of Revenue (DOR) title certificates were ineffective after the marriage was dissolved, and therefore affirm a judgment declaring the titled assets to be property of the respondent probate estate.[1]
Factual and Procedural Background
During 2004-05, Matthew McWilliams acquired a bass boat, motor, and two trailers. All were solely titled in Matthew's name with his wife Lisa as transfer-on-death (TOD) beneficiary per §§ 301.681.1 & 306.461.1 (collectively "titled assets"). When their marriage was dissolved, Matthew was awarded the titled assets, but did not re-title them or change the beneficiary designations. After Matthew died intestate, Lisa claimed the titled assets based on the TOD provisions. Respondents disagreed, citing § 461.051.1:
If, after an owner makes a beneficiary designation, the owner's marriage is dissolved or annulled, any provision of the beneficiary designation in favor of the owner's former spouse ... is revoked on the date the marriage is dissolved or annulled.... The beneficiary designation shall be given effect as if the former spouse ... had disclaimed the revoked provision.
The probate division ruled in respondents' favor after a de facto discovery-of-assets trial on stipulated facts. Lisa appeals.[2]
Statutory Background
TOD designations are authorized and largely governed by RSMo chapter 461, Missouri's Nonprobate Transfers Law (MNTL). Prior to 1995, DOR titles were exempt from most of the MNTL, including § 461.051's nullification of spousal TODs upon marriage dissolution.[3]
In 1995, however, DOR titles became subject to § 461.051 as part of a major MNTL rewrite. See § 461.073.5 (1995 supp. and currently) and 1995 Committee Comment ("[§] 461.051 (dealing with marriage dissolution) ... [is] made applicable to certificates of ownership or title issued by the director of revenue....");
*423 4A Mo. Practice, Probate and Surrogate Laws Manual § 461.073 (2d ed. & 2017 supp.).
Lisa's Points and Analysis
We summarize and address Lisa's three claims of error as follows:
Point 1
First, Lisa urges that § 461.073 "specifically excludes" DOR title certificates from the MNTL, so § 461.051 cannot apply to this case. As shown above, this may have been correct before 1995, but not since. Point 1 fails.
Point 2
Next, Lisa argues that application of § 461.051.1 would frustrate and render meaningless DOR title-transfer limitations in §§ 301.681.4 & 306.461.4, which apply to "motor vehicles or trailers" and "outboard motors or vessels" respectively and provide in relevant part:
(2) A certificate of title in beneficiary form may be revoked or the beneficiary or beneficiaries changed at any time before the death of a sole owner or the last surviving multiple owner only by the following methods:
(a) By a sale of the outboard motor or vessel with proper assignment and delivery of the certificate of title to another person; or
(b) By surrender of the outstanding certificate of title and filing an application to reissue the certificate of title with no designation of a beneficiary or with the designation of a different beneficiary or beneficiaries with the director of revenue in proper form and accompanied by the payment of the fee for an original certificate of title.
* * *
(4) The designation of a beneficiary or beneficiaries in a certificate of title issued in beneficiary form may not be changed or revoked by a will, any other instrument, or a change in circumstances, or otherwise be changed or revoked except as provided by subdivision (2) of this subsection.[4 ]
To the extent these quoted provisions may conflict with § 461.051, we believe the scope, nature, and timing of the 1995 MNTL amendments evince clear legislative intent that the latter should prevail. If we are mistaken, the general assembly can statutorily correct us. Point denied.
Point 3
Finally, Lisa claims the probate division lacked in rem jurisdiction because the titled assets passed to her by operation of law when Matthew died. This argument assumes the TOD provisions were effective after the marriage dissolution, a conclusion we have rejected. It also overlooks § 461.076, which applies to DOR title certificates (see § 461.073.5) and authorizes the probate division to
hear and determine questions and issue appropriate orders concerning the determination of the beneficiary who is entitled to receive a nonprobate transfer, the proper share of each beneficiary and any action to obtain the return of any money or property, or its value and earnings, improperly distributed to any person.
We deny Point 3 and affirm the probate division's judgment.
JEFFREY W. BATES, J.-CONCURS
WILLIAM W. FRANCIS, JR., J.-CONCURS

We may refer to Appellant or the decedent by first names for convenience and mean no disrespect thereby. Statutory citations are to RSMo as amended through 2016 unless otherwise indicated.

As authorized by Estate of Clark , 83 S.W.3d 699, 701-02 (Mo.App. 2002) (discovery of assets). Lisa requests that we judicially notice our file in a voluntarily-dismissed appeal from the dissolution judgment. We decline because she does not show that information to have been part of the stipulated trial record in this case. With exceptions inapplicable here, we do not consider matters outside the trial record. In re Jaitley , 495 S.W.3d 784, 787 (Mo.App. 2016).

See § 461.073.4 (1989) and Committee Comment ("Subsection 461.073.4 makes sections 461.003 to 461.065 of this law not applicable to certificates of ownership or title issued by the director of revenue in beneficiary form."); 4A Mo. Practice, Probate and Surrogate Laws Manual § 461.073 (2d ed. & 2017 supp.).

We have quoted § 306.461.4. Corresponding provisions of § 301.681.4 are materially similar.