

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE ESTATE OF LUTHER HUGH JENKINS, DECEASED, | ) ) ) | |
| Respondent, | ) ) | |
| v. | ) ) | WD84550 |
| WADE A. JENKINS, | ) ) | Opinion filed: July 19, 2022 |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF
CHARITON COUNTY, MISSOURI
THE HONORABLE ANDREA R. VANDELOECHT, JUDGE**

Division Three: Gary D. Witt, Presiding Judge,
Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

Wade A. Jenkins ("Appellant") appeals from the Circuit Court of Chariton County's grant of a motion to dismiss filed by Derrick Jenkins ("Respondent"), which disposed of a majority of his claim against the estate seeking reimbursement for payments made as personal representative of the estate. Because such order did not completely dispose of all issues, the order is not final. As a result, we lack jurisdiction and the appeal must be dismissed.

## Factual and Procedural History

Luther H. Jenkins ("Decedent") died intestate on December 4, 2019. Appellant, an heir of Decedent, filed his application for letters of administration. On April 3, 2020, the trial court issued letters of administration which appointed Appellant as personal representative of the estate of Decedent. Notice of the issuance of letters of administration was first published on April 9, 2020.

On October 8, 2020, Appellant filed a claim against the estate ("Original Claim") in the amount of $94,563.00 for "payment of debts and other items owed by [Decedent]." Attached to Appellant's claim against the estate was a copy of a paid funeral bill for Decedent in the amount of $2,068.59 ("Funeral Expense"). No additional receipts or other documentation was provided by Appellant. The trial court appointed the Chariton County Public Administrator as Administrator *ad litem* to represent the estate regarding the claim made by Appellant. Respondent, an heir to Decedent's estate, filed a motion to dismiss or, in the alternative, a motion for a more definite statement in regard to Appellant's claim against the estate. In it, Respondent alleged that Appellant's claim failed to meet the requirements of Section 473.380,[1] was insufficient to give reasonable knowledge to the estate of the nature and extent of the claim, and failed to be sufficiently specific ensuring that a judgment based on such claim would be *res judicata* as to the obligation upon which it is based.

Respondent propounded interrogatories and requests for production of documents regarding Appellant's claim, to which Appellant timely responded.

---

[1] All statutory references are to RSMo. (2016), as updated by supplement, unless otherwise indicated.

Immediately following the response, and after the claims period had run, Appellant filed an amended claim ("Amended Claim") against the estate which increased the claim amount and provided a more specific listing of the debts alleged to be paid on behalf of Decedent. On February 17, 2021, Respondent filed a motion to dismiss the Amended Claim alleging that the Original Claim was insufficient, that portions of the claim amount were beyond the statute of limitations, and that the Amended Claim could not relate back to the Original Claim due to its insufficiency.

On May 12, 2021, the trial court held a hearing on Respondent's motions regarding the Original Claim and the Amended Claim. The trial court found that Appellant's Original Claim was "wholly insufficient" as it lacked any supporting documentation other than the Funeral Expense. Accordingly, the trial court found the Original Claim could not be amended after the claims period. On the day of hearing, the trial court sustained Respondent's motion to dismiss as to both the Original Claim and the Amended Claim "for all sums except [the Funeral Expense,] which shall be set for hearing on June 23, 2021 at 10:30 a.m." On May 24, 2021, Appellant filed his notice of appeal.

**Analysis**

In his sole point on appeal, Appellant contends that the trial court erred in dismissing his claim "for all sums except [the Funeral Expense]." Appellant contends that his Original Claim was not "wholly insufficient" because it stated a specific dollar amount and although it initially lacked documentation supporting the claim, Respondent was "put on notice as to the amount being claimed" when Appellant

3

"provided documentation concerning the claim through discovery requests . . . prior to [the] hearing on Appellant's claim" against the estate.

Preliminarily, however, we must address Respondent's contention that the trial court's order was not a final order and, therefore, is not appealable. Respondent argues that because such order dismissed Appellant's claim "for all sums except [the Funeral Expense]" and did not otherwise dispose of said Funeral Expense, the trial court's May 12, 2021, order did not dispose of Respondent's entire claim and therefore was not a final order of the court. We agree.

"The appellate court has jurisdiction only over final judgments." *In re Estate of Hoskins,* 996 S.W.2d 792, 793 (Mo. App. E.D. 1999) (citing *In re Johnson,* 912 S.W.2d 560, 561 (Mo. App. E.D. 1995) (reversed on other grounds)). "For a judgment to be final and appealable, it must dispose of all issues and all parties in the case and leave nothing for future determination." *Id.*; *see also Wilson v. City of St. Louis*, 600 S.W.3d 763, 771 (Mo. banc 2020) ("In sum, . . . a 'final judgment' . . . must be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim) . . . [and] it must be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or [an alternative not applicable to the present case].")." "The right to appeal from a judgment of the probate division is purely statutory." *In re Kraus*, 318 S.W.3d 274, 276 (Mo. App. W.D. 2010) (citing *Estate of Burg*, 68 S.W.3d 543, 544 (Mo. App. E.D. 2001)). "While probate orders are generally interlocutory and not subject to appeal

4

until final disposition, the orders enumerated in [Section] 472.160.1 are subject to immediate appeal." *Id.* That statute provides, in relevant part:

> Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:
>
> (14)   In all other cases where there is a final order or judgment of the probate division . . . [with certain exceptions not applicable hereto].

Here, Appellant's claim was not entirely dismissed, but rather the trial court expressly left the Funeral Expense to be addressed at a later date. Thus, the question is whether the trial court's order was a final order for purposes of Section 472.160.1(14). In that regard, we find a brief comparative analysis of *In re Estate of Hoskins*, 996 S.W.2d at 792, and *In re Estate of Clark*, 83 S.W.3d 699, 701 (Mo. App. W.D. 2002), instructive. In *Hoskins*, the trial court dismissed one of two counts of a discovery of assets petition. 996 S.W.2d at 794. Relying upon Section 472.160.1(14), we found the "order did not dispose of all issues and parties" because it "did not dispose of the claims in the second count of the petition." *Id.* Because the dismissal was not a final order, the appeal was dismissed for lack of appellate jurisdiction. *Id.* By way of contrast, in *Clark,* a petition for discovery of assets *in its entirety* was dismissed by the trial court. 83 S.W.3d at 701. On appeal, we found that we did have jurisdiction because the "Order of Dismissal was final, for purposes of appeal, because it disposed of all claims and issues in the discovery of assets proceeding." *Id.* at 702. Accordingly, it was subject to appellate review pursuant to Section 472.160.1(14).

Like *Hoskins*, the order in the case at hand did not dispose of all matters raised in the claim. Although the trial court dismissed the vast majority of Appellant's

claim, the Funeral Expense portion of the claim remained pending. Because the trial court had yet to dispose of the entire claim, its order is not yet a final order falling within Section 472.160.1(14). Thus, it is not appealable at this time and must be dismissed.[2]

**Conclusion**

The appeal is dismissed.

W. DOUGLAS THOMSON, JUDGE

All concur.

---

[2] Arguably, the determination that this claim is not yet appealable could be addressed by stating it does not fall under enumerated appealable exception 472.160.1(1) (appeal upon the grant of a claim) or 472.160.1(13) (appeal upon the denial of any enumerated appealable action, including a claim). However, although the underlying action to be resolved herein *is* a claim against an estate, the point on appeal is that the trial court *dismissed* the original and amended claims, "except [for the Funeral Expense]." Hence, we take this matter pursuant to 472.160.1(14), where we find it is not a final order because a portion of the claim is not yet resolved. Even if Sections 472.160.1(1) and (13) were applicable here, they would not authorize this appeal, since the challenged order did not finally resolve Appellant's claim. "'Although [S]ection 472.160 makes some interlocutory probate orders appealable, 'it is well established that as to any specific proceeding, the rights of the parties must be fully adjudicated and all issues fully disposed of, or the order is not appealable.''" *See Wahlgren v. Wahlgren*, 446 S.W.3d 695, 698 (Mo. App. W.D. 2014) (quoting *In re Estate of Ginn*, 323 S.W.3d 860, 863 (Mo. App. W.D. 2010)); *see also In re Ritter's Estate*, 510 S.W.2d 188, 189 (Mo. App. 1974).